IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA STEELE,<br>　　　　　　Plaintiff,<br><br>v.<br><br>HCI DIRECT,<br>　　　　　　Defendant. | Civil Action<br>No. 2002 C 4347 |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of the Motion of Defendant, HCI Direct, Inc. to Dismiss the Complaint, and in consideration of the Memoranda in support and in opposition, it is hereby ORDERED that:

1. The Motion is GRANTED; and

2. Plaintiff's Complaint and Amended Complaint are DISMISSED with Prejudice.

BY THE COURT:

_____
BRUCE KAUFFMAN, J.
UNITED STATES DISTRICT COURT

481194

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTHA STEELE, | : | |
|       Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 2002 C 4347 |
| | : | |
| HCI DIRECT, | : | |
|       Defendant. | : | |

## MOTION OF DEFENDANT, HCI DIRECT, INC.
## TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, HCI Direct, Inc. ("HCI Direct"), respectfully moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(5) because she failed to serve her complaint within 120 days of filing it, as required under Fed. R. Civ. P. 4(m). Plaintiff's inexcusable neglect has prejudiced defendant and plaintiff cannot show good cause for her delay. For these reasons and those set forth in the accompanying Memorandum of Law, Defendant respectfully requests that the Court dismiss the Complaint without prejudice.

Respectfully submitted,

_____
JOSEPH J. CENTENO
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
1617 John F. Kennedy Boulevard
One Penn Center, 19th Floor
Philadelphia, PA 19103-1895
(215) 665-3107

Dated: September 9, 2003

481194

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA STEELE,<br>          Plaintiff,<br><br>v.<br><br>HCI DIRECT,<br>          Defendant. | :<br>:<br>:<br>:  Civil Action<br>:  No. 2002 C 4347<br>:<br>:<br>:<br>: |

## DEFENDANT HCI DIRECT INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendant HCI Direct, Inc. ("HCI Direct"), by and through its undersigned counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby submits it Memorandum of Law in Support of its Motion to Dismiss the Complaint.

This Court must dismiss the complaint under Fed. R. Civ. P. 12(b)(5) because plaintiff failed to timely serve it under Fed. R. Civ. P. 4(m). Plaintiff cannot show good cause for serving a complaint almost three (3) years after her cause of action accrued and four hundred and eleven (411) days after she filed her complaint. Because of this inexcusable neglect, HCI Direct is prejudiced. Accordingly, this court must dismiss the complaint under Fed. R. Civ. P. 12(b)(5).

### I.     INTRODUCTION

Plaintiff Martha Steele ("Steele") last worked for HCI Direct almost three (3) years ago on or about November 6, 2000. Steele unreasonably has waited over one (1) year after filing her complaint on July 19, 2002, before HCI Direct stipulated to accept service on August 20, 2003.

481194

Plaintiff's inexcusable delay can be broken down into the following time periods:

A. **June 28, 2002 to January 6, 2003 (185 Days): Plaintiff Not Represented by Counsel**

- On June 28, 2002, plaintiff filed a Motion for Leave to Proceed in Forma Pauperis
- On July 19, 2002, this Court granted plaintiff's Motion to Proceed in Forma Pauperis, and permitted plaintiff until August 16, 2002 to file an Amended Complaint.
- On August 15, 2002, Plaintiff filed a Motion to Call a Time Out.
- On August 21, 2002, Plaintiff filed an Urgent Memorandum
- On August 22, Plaintiff filed a Motion to Appoint Counsel
- On September 17, 2002, Plaintiff filed another Motion to Appoint Counsel
- On September 23, the Court granted Plaintiff's Motion to Appoint Counsel.
- On January 6, 2003, the Court appointed Karin Gunter to represent plaintiff and that plaintiff should contact Ms. Gunter within 5 days of receipt of the order.

B. **January 7, 2003 to August 20, 2003 (226 Days): Plaintiff Represented by Counsel**

- On January 10, 2003, the plaintiff filed a Motion for Enlargement of Time.
- On January 27, the Court denied plaintiff's Motion as frivolous.
- On March 19, 2003, plaintiff filed an Amended Complaint.
- On April 29, 2003, plaintiff sought an Alias Summons to serve Ms. Jacqueline Shulman; however, Ms. Shulman was not authorized by HCI Direct to accept service.
- After counsel discussed service, the parties stipulated that HCI Direct was served for the first time on August 20, 2003.

II. **ARGUMENT**

A. **Plaintiff has no good cause for failing to timely serve her complaint within 120 days of filing.**

Under Fed. R. Civ. P. 4(m), dismissal without prejudice is appropriate when a Plaintiff fails to serve her complaint within 120 days of filing.

> **Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, **shall dismiss the action without prejudice as to that defendant** or direct that service be effected

481194                                    2

within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m)(Emphasis supplied).

Plaintiff may escape dismissal of her complaint by establishing that good cause exists for her failure to serve in a timely manner. McCurdy v. American Board of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998) (affirming dismissal for failure to timely serve Complaint without showing good cause). The Plaintiff bears the burden of demonstrating good cause. See Gallus v. Supreme Court of Pennsylvania, Civ. A. No. 96-6450, 1998 U.S. Dist. LEXIS 14082, at *14 (E.D. Pa. Aug. 24, 1998).

In determining whether good cause exists, "the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995). The Court also may consider (1) the reasonableness of the plaintiff's efforts to serve, (2) prejudice that may befall a defendant as a consequence of untimely service; and (3) whether plaintiff moved for an enlargement of time to serve. Id. at 1097.

In this case, all of the factors to determine whether plaintiff has good cause militate unanimously against plaintiff.

### 1. Plaintiff Unreasonably Delayed 411 Days Before Serving the Complaint and only "half-heartedly" attempted service.

Plaintiff cannot present good-faith reasons for delaying four hundred and eleven (411) days before serving her complaint. Although plaintiff waited twenty-one (21) days from the filing of her motion to proceed in formera pauperis to the time that it was granted on July 21, 2002, even deducting this period of time from the four hundred and

eleven (411) days of delay amounts to three hundred and ninety (390) days of inexcusable delay.

Plaintiff unreasonably delayed by ignoring this Court's Order dated January 6, 2003 to meet with her appointed attorney within five (5) days. Instead, on January 10, 2003 she filed a motion for an enlargement of time to interview her appointed attorney. This Court denied the motion as frivolous by order dated January 27, 2003.

Plaintiff's efforts to serve, moreover, were "half-hearted" at best; and will not excuse her delay as a matter of law. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995). See Momah v. Albert Einstein Med. Ctr., 158 F.R.D. 66, 69 (E.D. Pa. 1994)(good cause absent "where failure of service was caused by lack of diligence, as well as his professional neglect"). Indeed good cause will not be found based on "inadvertence of counsel" or "reliance upon a third party or on a process server." Petrucelli, supra, 46 F.3d at 1307.

In this case, plaintiff sought to serve HCI Direct through a third party on March 19, 2003, and then, acquired an alias summons to serve Jacqueline Shulman, Esquire with the complaint. Plaintiff did this, however, without asking whether or not Shulman had authority to accept service, which she did not. Plaintiff could have discovered the address of HCI Direct by simply picking up a telephone and calling Ms. Shulman or HCI Direct. Plaintiff's unreasonable actions are fatal to her complaint.

### 2. Defendant is prejudiced by plaintiff's failure to timely serve her Complaint.

It has been almost three (3) years since plaintiff last worked for HCI Direct. It has been over four hundred eleven (411) days since the plaintiff filed the complaint. The lapse of this time prejudices HCI Direct because the case has become stale, with the

erosion of witnesses' memories and potentially relevant evidence. See Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997) ("Delay may damage a defendant's ability to defend on the merits"). Because of this prejudice to HCI Direct, this Court must dismiss the complaint. MCI Telecom Corp., supra., 71 F.3d at 1098.

### 3. Plaintiff failed to move for an enlargement of time to serve.

Plaintiff never filed any request with the Court for an enlargement of time to serve her complaint. Accordingly, plaintiff cannot establish that there was good cause for her failure to serve the complaint. MCI Telecom Corp., supra. 71 F.3d at 1098.

### III. CONCLUSION

This Court must dismiss the complaint because plaintiff has no good cause for delaying for four hundred and eleven (411) days before serving her complaint.

_____
Joseph J. Centeno
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 665-3000

September 9, 2003

Attorneys for Defendant,
HCI Direct, Inc.

481194              5

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2003, I caused the foregoing Motion of Defendant, HCI Direct, Inc. to Dismiss Plaintiff's Complaint and supporting memorandum to be served via First-Class mail, postage prepaid on the following:

                Karin M. Gunter, Esquire
                7323 North 21st Street
                Philadelphia, PA  19138

_____
Joseph J. Centeno

481194                8