Karin M. Gunter, Esquire
PA Id No. 79852
7323 N. 21st Street
Philadelphia, PA 19138-2107                ATTORNEY FOR PLAINTIFF,
(215) 548-9992                              MARTHA STEELE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA STEELE, : | |
|     Plaintiff : | |
| : | |
|   v. : | |
| : | Civil Action No. 02-cv-4347 |
| : | |
| HCI DIRECT, : | |
|     Defendant. : | |

**MEMORANDUM OF LAW IN SUPPORT OF**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

I.    INTRODUCTION

The underlying action for the instant motion to dismiss for insufficiency of service of process under Fed. R. Civ. P. 12(b)(5) pursuant to Fed. R. Civ. P. 4(m) was instituted by a former employee who suffers from Post Traumatic Stress Disorder ("PTSD") resulting in severe and chronic depression.  The employee seeks to redress violations committed by her former

1

employer of her statutorily protected rights, *inter alia*, to equal pay for comparable work under the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d); against disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 121101 *et seq.*; and against discrimination in compensation based on gender under the Civil Rights Action of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*.  As noted by the Third Circuit Court of Appeals, a chronology of crucial dates in this matter is imperative.  See Braxton v. United States, 817 F.2d 238, 239 (3d Cir. 1987).

II.     PROCEDURAL HISTORY OF THE CASE

Defendant HCI Direct[1] (hereinafter "HCI") discharged Plaintiff Martha Steele (hereinafter "Steele") from employment on or about November 6, 2000.  Ms. Steele filed a federal administrative agency complaint with the Equal Employment Opportunity Commission ("EEOC") on or about August 21, 2001 within the 300-day statutory limit for adverse employment action.  Present counsel represented HCI during the ensuing administrative agency investigation.[2]  As a result of nearly seven (7) months of investigation including extensive

---

[1] Defendant's corporate name is HCI Direct, Inc.  However, in her original *pro se* complaint, Plaintiff identified Defendant as HCI Direct.  The caption of the case has not been amended to reflect the proper corporate name of the Defendant.

[2] Jacqueline Z. Shulman, Esquire of Obermayer Rebmann Maxwell & Hippel, LLP was counsel of record during the federal administrative agency investigation.

document production,[3] EEOC issued a Report of Investigation on March 13, 2002; and a Dismissal and Notice of Suit Rights on April 1, 2002.

On June 28, 2002, Ms. Steele filed a motion to proceed *in forma pauperis*, support statement and *pro se* complaint (hereinafter "Original Complaint") (Docket No. 1). These filings were made within the 90-day statutory limit for Title VII and ADA claims and within the two (2) year statutory limit for EPA claims.[4] This Honorable Court granted Plaintiff's motions to proceed *in forma pauperis* and to file an amended complaint[5] on July 19, 2002 (Docket no. 4) at which time the *pro se* complaint was entered (Docket no. 3). At the same time, on July 19, 2002, the Court issued a Summons directed to HCI that was forwarded to the U.S. Marshals office for service of process. From a review of the Docket Report in this action, the U.S. Marshals failed to file an unexecuted waiver of service or an affidavit/proof of service of the original complaint. (Exhibit A)

Ms. Steele filed a motion to stay the proceedings[6] on August 15, 2002 followed by an Urgent Memorandum on August 21, 2002 (Docket No. 7) and two (2) motions to appoint counsel on August 22, 2002 (Docket No. 8) and September 17, 2002 (Docket No. 9). This Court granted Ms. Steele's motions for appointment of counsel on September 23, 2002 (Docket

---

[3] HCI via attorney Shulman submitted an Answer; Response to Document Request; and Position Statement dated October 15, 2001. These documents along with exhibits A – N totaled nearly 300 pages.
[4] Under EPA, suits may also be filed within three (3) years of the alleged "willful" violations.
[5] Based on this Order, the Plaintiff had until August 16, 2002 to file an amended complaint.
[6] Plaintiff filed a motion to call time out on August 15, 2002 (Docket No. 6). In its January 27, 2003 order (Docket No. 13) denying Plaintiff's motion as moot, this Court interpreted Plaintiff's request as a motion to stay the proceedings.

No. 10).  The undersigned counsel was appointed on January 6, 2003 (Docket No. 11) with the caveat that Plaintiff contact counsel within five (5) days of receipt of order.  Although Plaintiff did contact counsel via telephone within five days, the parties did not enter into an attorney client relationship until on or about January 29, 2003.  In the meantime, on January 10, 2002, Ms. Steele filed a *pro se* motion for enlargement of time to accept court-appointed counsel (Docket No. 12);[7] and on January 22, 2003, Plaintiff filed a *pro se* proof of claim based upon her federal district court action against HCI in its bankruptcy proceedings.[8]

In an effort to exercise due diligence in this matter, on February 28, 2003, the undersigned counsel sought guidance from the Court as to the procedural posture of the case in light of the Plaintiff's numerous prior *pro se* motions and potential deficient service of process. (Exhibit E)  The undersigned counsel received verbal permission to file an amended complaint without the need to file an additional motion for leave to amend the complaint.  On March 19,

---

[7] The Court denied this motion as frivolous in its order dated January 27, 2003 (Docket No. 13).

[8] Defendant voluntarily filed for bankruptcy under Chapter 11 on April 15, 2002 in the U.S. Bankruptcy Court in the District of Delaware.  At that time, HCI listed its address as 3369 Progress Drive, Bensalem, PA 19020. The bankruptcy case number is 02-11141.  The law offices of Skadden, Arps, Slate, Meagher & Flom, Wilimington, DE represented HCI in the bankruptcy proceedings.

On February 21, 2003, HCI Executive Vice President and Chief Financial Officer, William C. Beisswanger, executed a Declaration objecting to various claims against HCI in the bankruptcy proceedings. (Exhibit B)  At that time, Mr. Beisswanger acknowledged, *inter alia*, awareness of Ms. Steele's federal district court lawsuit against HCI; the nature of Ms. Steele's claims in that action; and her intent to file an amended complaint.  Id. ¶¶ 8-12.

On March 27, 2003, HCI and Ms. Steele agreed, through counsel, that Plaintiff would withdraw her claim with the proviso that she is allowed to proceed in federal district court with her litigation.  (Exhibit C)  An Order was issued reflecting the agreement and stating [HCI] "shall pay any amount determined by a final, nonappealable order in the District Court Action to be due and owing to the [Steele] on account of the allegations underlying Claim No. 12."  (Exhibit D, ¶ 3.)

4

2003, Plaintiff filed an attorney drafted amended complaint (hereinafter "Amended Complaint") at which time a summons was issued directed to HCI and forwarded to the U.S. Marshals. The Marshals office attempted to service process of the Amended Complaint on HCI at 3369 Progress Drive, Bensalem, PA on April 24, 2003. (Exhibit F) At that time it was learned that HCI moved from its Progress Drive location with no forwarding address. The Marshals' office filed an unexecuted waiver of service on April 29, 2003 (Docket No. 15).

On May 16, 2003, Plaintiff secured an Alias Summons directed to Jacqueline Z. Shulman, Esquire for service of the Amended Complaint, which were forwarded to the U.S. Marshals for service of process. Personal service was made on July 23, 2003 at the law offices of Obermayer Rebmann Maxwell & Hippel, LLP. (Exhibit G) Counsel of record for HCI in the instant matter contacted the undersigned counsel for the first time on August 19, 2003. The parties agreed to stipulate acceptance of service of the Amended Complaint on August 20, 2003 and filing of a responsive pleading by September 9, 2003 (Docket No. 18).

III.    ARGUMENT

In determining whether to dismiss a complaint without prejudice under Fed. R. Civ. P. 4(m) and 12(b)(5) for failing to timely serve process within 120 days after filing the complaint, it is well established that the Court must apply a two-prong test. See Momah v. Albert Einstein Med. Ctr., 158 F.R.D. 66, 68-69 (E.D.Pa. 1994); Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995); Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997); and Pickens v.

Intercommunity Agency, Inc., No. CIV.A.96-8415, 1997 WL 727604, at *6 (E.D.Pa. Nov. 21, 1997). First, the Court must determine whether there exists good cause for plaintiff's failure to timely serve the complaint and summons.[9] If the plaintiff shows good cause for her failure, the Court is required to extend the time to serve process. See Pickens, 1997 WL 727604 at *6 (citation omitted).

Absent a showing of good cause by the plaintiff, the Court must determine whether, in its discretion, it will extend time for service anyway or dismiss the complaint without prejudice. Id. *See also* Petrucelli, 46 F.3d at 1305. In the instant case, Plaintiff has good cause for failing to timely serve process thereby precluding the dismissal of her complaint. In the alternative, even if good cause is not shown, the Court should exercise its discretionary power to extend time to make service of the complaint based upon the following factors: (i) the statute of limitations has run for all of Plaintiff's claims;[10] (ii) HCI is not prejudiced by the lapse of time since potential relevant evidence has been preserved by the extensive administrative agency document production; (iii) HCI had actual notice of the instant litigation during its bankruptcy proceedings; (iv) HCI agreed to allow Ms. Steele to proceeding with her district court action; (v) HCI's ability to defend against Plaintiff's claims has not been impaired or damaged; (vi) Plaintiff's counsel

---

[9] Fed. R. Civ. P. 4(m) states "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that *if the plaintiff shows good cause for the failure, the court **shall** extend the time for service for an appropriate period.*" (emphasis added)

[10] There is one possible narrow exception. The statute of limitations may not have run on Plaintiff's EPA claim if such violation is found to be willful in nature. Plaintiff has not alleged willful violations of EPA.

exercised due diligence in seeking guidance from the Court before filing the Amended Complaint and in securing an alias summons; and (vii) the Amended Complaint was timely served.

    A.    **Pro Se In Forma Pauperis Plaintiff Can Show Good Cause for Failing to Timely Serve Process.**

It becomes apparent from a review of case law regarding Fed. R. Civ. P. 4(m)[11] that strict adherence to timely service of process is required.  *See* Braxton, 817 F.2d at 240-41 & n.2.  In particular, this judicial district and circuit acknowledges and maintains that when service is made by a third-party other than the U.S. Marshals, dismissal of an action is appropriate when there is abuse and "'half-hearted' efforts by counsel". Lovelace v. Acme Markets, Inc., 820 F.2d 81, 84 (3d Cir. 1987).  *See also* Braxton, 817 F.2d at 240-41.[12] Thus, the courts have dealt sternly with attorneys who use private process servers and who are lax in monitoring and ensuring that service of the complaint and summons is not defective.  Id. *See also* Lovelace, 820 F.2d at 84-85.

On the other hand, it is equally clear from a review of case law that there are circumstances under which strict adherence under Rule 4(m) may be relaxed even with the use of private process servers.  *See* Braxton, 817 F.2d at 240 and Consol. Freightways Corp. of

---

[11] Amended in December 1993, Rule 4(m) modified Rule 4(j).  *See* Petrucelli, 46 F.3d at 1304 and Momah, 158 F.R.D. at 68.

[12] Although the legislative history cited in Lovelace and Braxton relate to Rule 4(j), its use for determining dismissal based upon service by private parties other than the U.S. Marshals has been extended to Rule 4(m) cases.

7

Del. v. Larson, 827 F.2d 916, 919-21.  These circumstances involve a showing of good cause and/or excusable neglect.  Though not explicitly defined, good cause and excusable neglect have been interpreted to be interchangeable.  *See* Braxton, 817 F.2d at 241(citation omitted) and Momah, 158 F.R.D. at 68-69.  To this end, an examination of factors such as professional incompetency; foreseeable or anticipated human error; lack of diligence; and manufactured and unverifiable excuse is undertaken by the court in determining whether counsel's failure to comply with Rule 4(m) warrants a mandatory extension of time to serve process.  Consol. Freightways, 827 F.2d at 919.  *See also* Momah, 158 F.R.D. at 69.

Despite explicit guidance by the courts in cases where the plaintiff is represented by counsel during the 120 days after filing and where private process servers attempted service, there is little guidance for the instant action.  This case involves a *pro se in forma pauperis* plaintiff who was not represented by counsel during the 120 days after filing the original complaint and where the U.S. Marshals' office, entrusted with servicing process, failed to evince such service.

   1. ***Pro se in forma pauperis* plaintiff should be afforded less stringent standard.**

For the purposes of determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it is well established in American jurisprudence that *pro se* litigants are held to less stringent standards than legal practitioners.  *E.g.* Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)(finding allegations made in a *pro se* complaint "however

inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers.")  See also Dioguardi v. Durning, 139 F.2d 774, 775(2d Cir. 1944)(finding *pro se* complaint "inartistically" stated but sufficient to defeat motion to dismiss under Rule 12(b)(6)) and Zilich v. Lucht, 981 F.2d 694 (3rd Cir. 1992)("When . . . plaintiff is a *pro se* litigant, we have a special obligation to construe his complaint liberally.")  A similar relaxed standard has been applied in instances where good cause for extension of time has been found under Fed. R. Civ. P. 4 and 12(b)(5) where a *pro se in forma pauperis* plaintiff relied upon the U.S. Marshals' office for service of process.  See Romandette v. Weetabix Co., 807 F.2d 309 (2d Cir. 1986)(finding dismissal of *pro se in forma pauperis* plaintiff's complaint inappropriate under Rules 4(j) where plaintiff relied on U.S. marshals for service of process).

    **2. Plaintiff's justifiable reliance upon U.S. Marshals service and the Court serve as good cause for an extension of time for service of process.**

Ms. Steele filed her original complaint on June 28, 2002 at the time she moved the Court to proceed *in forma pauperis* in this matter.  When the Court granted her *in forma pauperis* motion, the original complaint was automatically entered.  As mandated by Fed. R. Civ. P. 4(c)(2), the Court then forwarded a summons and the complaint to the U.S. Marshals for service of process.  For reasons not noted in the docket report, the U.S. Marshals service never filed an unexecuted waiver of service or an affidavit/proof of service of the original complaint.   However, Plaintiff avers she received notice from the Marshals service requesting her to complete papers for service of process of the original complaint.  It appears the papers

included Form USM-285 for service of process by the U.S. Marshals.  Upon information and belief, Ms. Steele received these documents, for a second time, after September 23, 2002.  At that time, Ms. Steele requested service be made on William Beisswanger, Chief Financial Officer of HCI's parent company.  Plaintiff immediately returned the documents and received no further notice from the Marshals service concerning her original complaint.

Although an affidavit/proof of service of the original complaint was not filed in this matter, it appears that the original complaint was in fact served on Mr. Beisswanger.  As noted in footnote 8 of this memorandum, Mr. Beisswanger executed a declaration in HCI's bankruptcy proceedings on February 21, 2003.  In his declaration, Beisswanger acknowledged his awareness of Ms. Steele's instant action, nature of her claims, and her intent of filing an amended complaint.  *See* Ex. B ¶¶ 8-12.  Although it is not apparent from his declaration when and how Beisswanger received actual notice of Ms. Steele's federal lawsuit, based upon Plaintiff's statements of facts and Mr. Beisswanger's declaration, it appears that service of process of the original complaint was indeed made within the 120 days after its filing by the U.S. Marshals service.  *See generally* Romandette, 907 F.2d at 311 (noting interest of justice requires liberal interpretation of Rule 4 under special circumstances of *pro se in forma pauperis* plaintiff).

Furthermore, it appears Ms. Steele never received notice from the Clerk of Court nor from the deputy clerk of the presiding judge that proof of service had not been received or that service had not in fact been made in the matter.  As a *pro se in forma pauperis*

plaintiff, Ms. Steele acted in good faith in relying upon this Court and the U.S. Marshals service to comply with federal rules of procedure in protecting her rights and interests.

Alternatively, on August 15, 2002, Ms. Steele attempted to stay the proceedings to obtain counsel. This filing was within the 120 days after filing the original complaint. It is evident from the number and titles of the motions filed by Plaintiff that she was not familiar with legal procedures, terminology and rules, and needed the assistance of counsel to maneuver through the maze of legal intricacies. Although Ms. Steele's motions for appointment of counsel were granted on September 23, 2002, her motion to stay the proceedings was not denied until January 27, 2003.[13] During the interim 165 days between her filing the motion to stay the proceedings and the Court's denial of that motion, Ms. Steele had good cause to believe the legal action was suspended until counsel was appointed by the Court since no further action was taken by the court in the matter.

Defendant contends that Ms. Steele only "half-heartedly" attempted service in this case evidenced by a delay in service of process for 411 days. This contention is erroneous, misplaced and distinguishable. First, the standards referenced by HCI and articulated in cases such as Braxton and Lovelace apply to legal practitioners who are presumably well versed in federal rules of procedure. Second, those cases involve private process servers and not the U.S. Marshals service. Third, Ms. Steele took steps in the action including filing two motions for appointment of counsel, an urgent memorandum and a motion to

---

[13] It has been noted that Plaintiff also filed a motion to an enlargement of time to file her acceptance of her court-appointed attorney. This motion was also denied as frivolous in the same January 27, 2003 order.

11

stay the proceedings, all before the expiration of the 120 days, in an attempt to get help with the action and to comply with legal procedures. As an *in forma pauperis* plaintiff, Ms. Steele should not be denied access to legal redress due to the U.S. Marshals' possible failure to comply with federal standards, particularly when service by the Marshals' office is mandated by the law. *See generally* Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991) ("a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigants.")(citations omitted).

    A.    **Even If Good Cause is Not Shown, Time Should Be Extended for Service of Process.**

    As noted above, Plaintiff contends Defendant was timely served the original complaint and summons; or alternatively, she has shown good cause to extend time for service of process. Nevertheless, the Court should not, in its discretionary authority, dismiss Ms. Steele's complaint without prejudice but rather should extend time for service based on the following factors:

    (a)    the statute of limitations has run on all of Ms. Steele's claims;

    (b)    HCI had actual notice of the instant federal litigation but failed to take affirmative steps to comply with federal rules for filing a timely responsive pleading in the matter (*See* Ex. B);

(c) HCI agreed, through counsel, to allow Ms. Steele to proceed with the instant action and to pay any amount due and owing Plaintiff at the resolution of the matter (*See* Ex. C & D);

(d) HCI is not prejudiced by service of process in this matter since it extensively participated in the federal administrative agency investigation producing nearly 300 pages of documents in the matter;

(e) Once appointed and engaged, the undersigned counsel exercised due diligence in seeking guidance from the Court and executing service of process of the amended complaint; and

(f) Alternatively, the undersigned counsel committed excusable neglect by filing and effecting service of process of an amended complaint since: (i) the U.S. Marshals failed to file an unexecuted waiver of service or an affidavit/proof of service of the original complaint; (ii) it was not readily verifiable that service of process was timely made; (iii) counsel was appointed/engaged some 200 days after the filing of the original complaint; (iv) counsel sought procedural guidance from the Court; (v) counsel was not required to move for leave of court to amend the original complaint; and (vi) the Court granted *pro se* plaintiff's motion to amend the original complaint within the initial 120 days after its filing.

III.	CONCLUSION

Based on the foregoing discussion, Plaintiff respectfully requests this Honorable Court DENY Defendant's Motion to Dismiss and direct Defendant to file an Answer to the Amended Complaint within twenty (20) days of its order.

                Respectfully submitted,

                /s/ Karin M. Gunter, Esq._____
                KARIN M. GUNTER, ESQUIRE
                Attorney ID No. 79852
                7323 N. 21st Street
                Philadelphia, Pennsylvania 19138-2107
                (215) 548-9992
                Attorney for Plaintiff

Date:	September 23, 2003