IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA STEELE,<br>　　　　　Plaintiff,<br><br>v.<br><br>HCI DIRECT,<br>　　　　　Defendant. | :<br>:<br>:<br>: Civil Action<br>: No. 2002 C 4347<br>:<br>:<br>: |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Defendant HCI Direct Inc.'s Motion for Leave to File a Reply Brief in Support of Its Motion to Dismiss, it is hereby ORDERED that the motion is GRANTED. Defendant may file a Reply Brief within ten (10) days after the date of this order.

BY THE COURT:

_____
BRUCE W. KAUFFMAN

485612

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA STEELE,<br>　　　　　Plaintiff,<br><br>v.<br><br>HCI DIRECT,<br>　　　　　Defendant. | Civil Action<br>No. 2002 C 4347 |

### DEFENDANT HCI DIRECT'S MOTION FOR LEAVE TO FILE
### A REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Under Local Civil Rule 7.1(c), Defendant HCI Direct, Inc., by and through its undersigned counsel, hereby requests leave to file a reply brief in support of its Motion to Dismiss.

1. On September 9, 2003, HCI Direct, Inc. filed its Motion to Dismiss Plaintiff's Complaint.

3. On or about September 23, 2003, Plaintiff served her opposition brief to HCI Direct, Inc.'s attorneys.

4. Plaintiff's response misstates the legal and factual underpinnings of her failure to timely serve the Complaint and mischaracterizes the legal and factual bases of HCI Direct, Inc.'s Motion to Dismiss.

5. In the interest of justice and full consideration of this matter, HCI Direct, Inc. requests the opportunity to reply to the erroneous legal and factual contentions made by Plaintiff.

6. HCI Direct seeks to file a Reply Brief substantially similar to what is supplied as Exhibit "A" herein.

485687                                       1

WHEREFORE, HCI Direct, Inc. respectfully requests that the court grant it leave to file within ten (10) days of the date of the Court's Order, a reply brief in support of its motion to dismiss.

                              Respectfully submitted,

                              OBERMAYER REBMANN MAXWELL & HIPPEL, LLP

BY: _____
                              Joseph J. Centeno, Esquire
                              One Penn Center, 19th Floor
                              Philadelphia, PA 19103
                              Phone: (215) 665-3107
                              Fax: (215) 665-3165

                              Attorneys for Defendant,
                              HCI Direct, Inc.

Dated: September 26, 2003

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2003, I caused the foregoing Defendant HCI Direct, Inc.'s Motion for Leave to File a Reply Brief in Support of its Motion to Dismiss to be served via First-Class mail, postage prepaid on the following:

> Karin M. Gunter, Esquire
> 7323 North 21st Street
> Philadelphia, PA  19138

_____
Joseph J. Centeno

485687                                  3

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA STEELE,<br>          Plaintiff, | :<br>:<br>: |
| v. | :   Civil Action<br>:   No. 2002 C 4347 |
| HCI DIRECT,<br>          Defendant. | :<br>:<br>: |

**DEFENDANT HCI DIRECT INC.'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS COMPLAINT**

Defendant HCI Direct, Inc. ("HCI Direct"), by and through its undersigned counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby submits its Reply Memorandum of Law in Support of its Motion to Dismiss the Complaint.

This Court must dismiss the complaint under Fed. R. Civ. P. 12(b)(5) because plaintiff has failed to offer any good cause for her inexcusable neglect and failure to serve a timely complaint. Plaintiff served her complaint almost three (3) years after her cause of action accrued and four hundred and eleven (411) days after she filed her complaint. Because of this inexcusable neglect, HCI Direct is prejudiced. Accordingly, this court must dismiss the complaint under Fed. R. Civ. P. 12(b)(5).

I. **ARGUMENT**

    A. **Plaintiff admits that she failed to timely serve her Complaint but offers no reasonable explanation for her 185 day delay while *pro se*.**

Under Fed. R. Civ. P. 4(m), dismissal without prejudice is appropriate when a Plaintiff fails to serve her complaint within 120 days of filing. Plaintiff freely admits that she failed to

485612

serve her complaint within this required time frame. Plaintiff utterly fails to provide any good excuse for her delay while *pro se* of one hundred and eighty five (185) days from June 28, 2002 to January 6, 2003. Plaintiff fails to cite to any binding authority that excuses this delay even for a *pro se* plaintiff[1].

Plaintiff essentially relies on a case in the Court of Appeals for the 9th Circuit, Puett v. Blanford 912, F.2d 270, 276 (9th Cir. 1989). This reliance is misplaced. In Puett, the plaintiff "conscientiously took numerous steps to ensure that the defendants would be served" and "obtained proof that the federal defendants were, indeed, at the address that he provided to the U.S. Marshal." Id. In stark contrast, plaintiff provided the wrong address to the United States Marshall and her attorney again provided the wrong address on March 19, 2003, as 3369 Progress Drive, Bensalem, PA 19020. See Plaintiff's Opposition, Exhibit "F." This is so, even though plaintiff knew as of HCI Direct, Inc.'s bankruptcy filing and the Declaration of William C. Beisswanger dated February 21, 2003 that HCI Direct, Inc.'s address was 3050 Tillman Drive, Bensalem, Pa. See Plaintiff's Opposition, Exhibit "B".

Plaintiff cannot now claim that she is innocent and blame the United States Marshal, when she gave it incorrect information for service. Plaintiff simply could have found HCI Direct, Inc.'s address by using the phone book. This inexcusable and "half-hearted" neglect cannot be attributed to anyone other than plaintiff.

---

[1] Plaintiff cites to Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991) which in turn refers to Puett v. Blanford 912, F.2d 270, 276 (9th Cir. 1989). Puett is distinguishable because the plaintiff provided the proper address of the defendant to the United States Marshall for service, and was conscientious in making sure service was accomplished. Id. at 276.

485612                                                2

**B.   Plaintiff offers no reasonable explanation for her delay of 226 days after Counsel was appointed.**

Plaintiff also utterly fails to provide any good cause for her delay of two hundred and twenty six (226) days after this court appointed counsel. Plaintiff contends that she entered into an attorney-client relationship on January 29, 2003. Plaintiff's Opposition, p. 3. Even accepting this as true, plaintiff still failed to serve the complaint for two hundred and three (203) days.

Plaintiff's inexcusable neglect is exacerbated when one considers that in February 2003 plaintiff and her attorney were aware of both the defendant's address, and that service was not accomplished. In an *ex parte* communication with the court on February 28, 2003, plaintiff's counsel recognized that "it is also unclear from the docket whether or not the original complaint was served with summons on the Defendant HCI Direct." Plaintiff's Opposition, Exhibit "E". Instead of ensuring service, or contacting HCI Direct, Inc., Plaintiff's counsel decided to communicate *ex parte* with the court. Certainly confirming with the United States Marshal's office would have been reasonable. This inexcusable neglect is fatal to her complaint.

**C.   Plaintiff failed to serve or deliver HCI Direct Inc. a copy of the Complaint until September 20, 2003.**

Contrary to plaintiff's pure speculation that HCI Direct, Inc. had actual service of the complaint,[2] plaintiff's own submissions establish that HCI Direct, Inc. was not served until four hundred and eleven (411) days after filing. According to the Declaration of William C. Beisswanger, plaintiff submitted a proof of claim to HCI Direct, Inc., but as averred by Mr. Beisswanger, "the complaint filed in the District Court Action is not attached to the proof of

---

[2] Plaintiff also suggests that HCI Direct, Inc. agreed that plaintiff could go forward with her Complaint. This is misplaced. HCI Direct, Inc., at most, agreed that plaintiff's claim in Bankruptcy Court would not be liquidated. HCI Direct, Inc. never worked its right to all defenses in this case.

485612                                      3

claim." Plaintiff's Opposition, Exhibit "B" pp. 6-7. Plaintiff's attorney's hearsay[3] e-mail concedes that "Ms. Steele did not attach a copy of her pro se complaint to the Proof of Claim." Id., Exhibit "C". Instead, plaintiff jumps to an unsupported conclusion that Mr. Beisswanger was served with the complaint, even though every document submitted by plaintiff supports a contrary conclusion. Plaintiff's attempt to grasp at straws cannot save her complaint.

### D. All considerations unanimously militate for dismissal.

In determining whether good cause exists, "the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995). The Court also may consider (1) the reasonableness of the plaintiff's efforts to serve, (2) prejudice that may befall a defendant as a consequence of untimely service; and (3) whether plaintiff moved for an enlargement of time to serve.[4] Id. at 1097.

Plaintiff's Opposition only further supports HCI Direct, Inc.'s Motion to Dismiss. Plaintiff's efforts to serve were neither conscientious, nor reasonable. Plaintiff and her counsel's inexcusable error of providing the wrong address to the United States Marshal for service is not reasonable. Despite having actual knowledge of defective service as early as February 28, 2003, in her *ex parte* communication with this Court, plaintiff failed to effectuate service until August 20, 2003. This delay of one hundred and seventy three (173) days is without good cause.

Plaintiff somehow contends that there is no prejudice to HCI Direct, Inc. even though she last worked for HCI Direct, Inc. over three (3) years ago. Since Plaintiff last worked for HCI Direct, Inc., it has changed management teams and no longer employs Mr. Beisswanger. Further, many of plaintiff's co-workers, who are potential witnesses, no longer work at HCI

---

[3] This e-mail is hearsay except insofar as it is an admission against interest. Federal Rule of Evidence 804(a).
[4] Plaintiff admits that she never filed any request with the Court for an enlargement of time to serve her complaint.

485612                                    4

Direct, Inc. Because of the outrageous laps of time since plaintiff last worked for HCI Direct, Inc., prejudice is manifest, clear and unavoidable.

## II.  CONCLUSION

This Court must dismiss the complaint because plaintiff has no good cause for delaying for four hundred and eleven (411) days before serving her complaint.

                                                        Joseph J. Centeno
                                                      Obermayer Rebmann Maxwell & Hippel LLP
                                                      One Penn Center, 19th Floor
                                                      1617 John F. Kennedy Boulevard
                                                      Philadelphia, PA 19103
                                                      (215) 665-3107

September 26, 2003

                                                      Attorney for Defendant,
                                                      HCI Direct, Inc.