IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA STEELE,  :<br>            Plaintiff,  :<br>                            :<br>                            :  Civil Action<br>v.                          :  No. 2002 C 4347<br>                            :<br>HCI DIRECT,                 :<br>            Defendant.  : | |

### DEFENDANT HCI DIRECT INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendant HCI Direct, Inc. ("HCI Direct"), by and through its undersigned counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby submits its Reply Memorandum of Law in Support of its Motion to Dismiss the Complaint.

This Court must dismiss the complaint under Fed. R. Civ. P. 12(b)(5) because plaintiff has failed to offer any good cause for her inexcusable neglect and failure to serve a timely complaint. Plaintiff served her complaint almost three (3) years after her cause of action accrued and four hundred and eleven (411) days after she filed her complaint. Because of this inexcusable neglect, HCI Direct is prejudiced. Accordingly, this court must dismiss the complaint under Fed. R. Civ. P. 12(b)(5).

### I.      ARGUMENT

#### A.    Plaintiff admits that she failed to timely serve her Complaint but offers no reasonable explanation for her 185 day delay while *pro se*.

Under Fed. R. Civ. P. 4(m), dismissal without prejudice is appropriate when a Plaintiff fails to serve her complaint within 120 days of filing. Plaintiff freely admits that she failed to

485612

serve her complaint within this required time frame. Plaintiff utterly fails to provide any good excuse for her delay while *pro se* of one hundred and eighty five (185) days from June 28, 2002 to January 6, 2003. Plaintiff fails to cite to any binding authority that excuses this delay even for a *pro se* plaintiff[1].

Plaintiff essentially relies on a case in the Court of Appeals for the 9th Circuit, Puett v. Blanford 912, F.2d 270, 276 (9th Cir. 1989). This reliance is misplaced. In Puett, the plaintiff "conscientiously took numerous steps to ensure that the defendants would be served" and "obtained proof that the federal defendants were, indeed, at the address that he provided to the U.S. Marshal." Id. In stark contrast, plaintiff provided the wrong address to the United States Marshal and her attorney again provided the wrong address on March 19, 2003, as 3369 Progress Drive, Bensalem, PA 19020. See Plaintiff's Opposition, Exhibit "F." This is so, even though plaintiff knew as of HCI Direct, Inc.'s bankruptcy filing and the Declaration of William C. Beisswanger dated February 21, 2003 that HCI Direct, Inc.'s address was 3050 Tillman Drive, Bensalem, Pa. See Plaintiff's Opposition, Exhibit "B".

Plaintiff cannot now claim that she is innocent and blame the United States Marshal, when she gave it incorrect information for service. Plaintiff simply could have found HCI Direct, Inc.'s address by using the phone book.[2] This inexcusable and "half-hearted" neglect cannot be attributed to anyone other than plaintiff.

---

[1] Plaintiff cites to Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991) which in turn refers to Puett v. Blanford 912, F.2d 270, 276 (9th Cir. 1989). Puett is distinguishable because the plaintiff provided the proper address of the defendant to the United States Marshall for service, and was conscientious in making sure service was accomplished. Id. at 276.
[2] Plaintiff admits in her Response in Opposition to Defendant's Motion for Leave to File a Reply Brief that the directory assistance lists both the correct current address and the former address. Plaintiff does not assert that she relied on the directory assistance in attempting to serve the Original Complaint.

### B. Plaintiff offers no reasonable explanation for her delay of 226 days after Counsel was appointed.

Plaintiff also utterly fails to provide any good cause for her delay of two hundred and twenty six (226) days after this court appointed counsel. Plaintiff contends that she entered into an attorney-client relationship on January 29, 2003. Plaintiff's Opposition, p. 3. Even accepting this as true, plaintiff still failed to serve the complaint for two hundred and three (203) days.

Plaintiff's inexcusable neglect is exacerbated when one considers that in February 2003 plaintiff and her attorney were aware of both the defendant's correct address, and that service was not accomplished. In an *ex parte* communication with the court on February 28, 2003, plaintiff's counsel recognized that "it is also unclear from the docket whether or not the original complaint was served with summons on the Defendant HCI Direct." Plaintiff's Opposition, Exhibit "E". Instead of ensuring service, or contacting HCI Direct, Inc., plaintiff's counsel decided to communicate *ex parte* with the court. Certainly confirming with the United States Marshal's office would have been reasonable. This inexcusable neglect is fatal to plaintiff's complaint.

### C. Plaintiff failed to serve to HCI Direct Inc. a copy of the Complaint until September 20, 2003.

Contrary to plaintiff's pure speculation that HCI Direct, Inc. had actual service of the complaint,[3] plaintiff's own submissions establish that HCI Direct, Inc. was not served until four hundred and eleven (411) days after filing. According to the Declaration of William C. Beisswanger dated February 21, 2003, plaintiff submitted a proof of claim to HCI Direct, Inc., but as averred by Mr. Beisswanger, "the complaint filed in the District Court Action is not attached to the proof of claim." Plaintiff's Opposition, Exhibit "B" pp. 6-7. Plaintiff's

485612                                    3

attorney's hearsay[4] e-mail concedes that "Ms. Steele did not attach a copy of her pro se complaint to the Proof of Claim." Id., Exhibit "C". Instead, plaintiff jumps to an unsupported conclusion that Mr. Beisswanger was served with the complaint, even though every document submitted by plaintiff supports a contrary conclusion. Plaintiff's attempt to grasp at straws cannot save her complaint. Mr. Beisswanger attests that Ms. Steele did not serve or deliver to him or anyone at HCI Direct, Inc. a copy of the complaint. Attached hereto as Exhibit "A" is a true and correct copy of Mr. Beisswanger's statement.

### D. Additional considerations militate for dismissal.

In determining whether good cause exists, "the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995). The Court also may consider (1) the reasonableness of the plaintiff's efforts to serve, (2) prejudice that may befall a defendant as a consequence of untimely service; and (3) whether plaintiff moved for an enlargement of time to serve.[5] Id. at 1097.

Plaintiff's Opposition only further supports HCI Direct, Inc.'s Motion to Dismiss. Plaintiff's efforts to serve were neither conscientious, nor reasonable. Plaintiff and her counsel's inexcusable error of providing the wrong address to the United States Marshal for service is not reasonable. Despite having actual knowledge of defective service as early as February 28, 2003, in her *ex parte* communication with this Court, plaintiff failed to effectuate service until August 20, 2003. This delay of one hundred and seventy three (173) days is without good cause.

---

[3] Plaintiff also suggests that HCI Direct, Inc. agreed that plaintiff could go forward with her Complaint. This is misplaced. HCI Direct, Inc., at most, agreed that plaintiff's claim in Bankruptcy Court would not be liquidated. HCI Direct, Inc. never waived any defense.
[4] This e-mail is hearsay except insofar as it is an admission against interest. See Federal Rule of Evidence 804(a).
[5] Plaintiff admits that she never filed any request with the Court for an enlargement of time to serve her complaint.

485612                                  4

Plaintiff somehow contends that there is no prejudice to HCI Direct, Inc. even though she last worked for HCI Direct, Inc. over three (3) years ago. Since plaintiff last worked for HCI Direct, Inc., it has changed management teams and no longer employs Mr. Beisswanger. See Exhibit "A." Further, many of plaintiff's co-workers, who are potential witnesses, no longer work at HCI Direct, Inc. Because of the outrageous lapse of time since plaintiff last worked for HCI Direct, Inc., prejudice is manifest, clear and unavoidable.

## II.  CONCLUSION

This Court must dismiss the complaint because plaintiff has no good cause for delaying for four hundred and eleven (411) days before serving her complaint.

_____
Joseph J. Centeno
Jacqueline Z. Shulman
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 665-3107

October 8, 2003

Attorney for Defendant,
HCI Direct, Inc.

485612

5

## STATEMENT OF WILLIAM BEISSWANGER

I, WILLIAM BEISSWANGER, state that the following statements are true and correct to the best of my personal knowledge, information and belief.

1. I was employed by HCI Direct, Inc. as Executive Vice President and Chief Financial Officer.

2. I am no longer employed by HCI Direct, Inc.; my last day was on March 10, 2003.

3. To the best of my knowledge, Martha Steele never served or delivered to me or anyone at HCI Direct, Inc. a copy of any Complaint against HCI Direct, Inc. filed with the United States District Court, Eastern District of Pennsylvania.

I declare under penalty of perjury that the foregoing statements, made pursuant to 28 U.S.C. §1746 relating to unsworn statements, are true and correct.

DATE: Sept. 30, 2003

_____
WILLIAM BEISSWANGER

_____
WITNESS

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2003, I caused the foregoing Defendant, HCI Direct, Inc.'s Reply Memorandum of Law in Support of Motion to Dismiss Complaint to be served via First-Class mail, postage prepaid on the following:

Karin M. Gunter, Esquire
7323 North 21st Street
Philadelphia, PA  19138

_____
Joseph J. Centeno

485612