Karin M. Gunter, Esquire
PA Id No. 79852
7323 N. 21st Street
Philadelphia, PA 19138-2107                    ATTORNEY FOR PLAINTIFF,
(215) 548-9992                                 MARTHA STEELE


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARTHA STEELE,                              :
       Plaintiff                           :
                                            :
   v.                                       :
                                            :    Civil Action No. 02-cv-4347
                                            :
HCI DIRECT,                                 :
       Defendant.                          :


**PLAINTIFF'S SURREPLY MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

I.   INTRODUCTION

    Plaintiff, Martha Steele, by and through her undersigned counsel, Karin M. Gunter, Esquire and pursuant to Local Rule 7.1 seeks to file a surreply brief in opposition to Defendant, HCI Direct's Motion to Dismiss. The Motion to Dismiss was filed pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5).

1

II.   ARGUMENT

    A.   ***Pro Se Informa Pauperis* Plaintiff Justified in Relying on U.S. Marshals For Service of Process.**

Defendant HCI Direct voluntary filed for bankruptcy under Chapter 11 in the U.S. Bankruptcy Court in the District of Delaware on April 15, 2002. At that time, it listed its place of business as 3369 Progress Drive, Bensalem, PA 19020. A little more than two (2) months later, Plaintiff Martha Steele instituted the underlying lawsuit by filing a motion to proceed *in forma pauperis* on June 28, 2002. At that she also filed the *pro se* complaint (hereinafter "Original Complaint"). Ms. Steele listed Defendant's address for service purposes as 3369 Progress Drive, Bensalem, PA 19020. On July 19, 2002, the Original Complaint was automatically forwarded with a summons to the U.S. Marshals Service for service of process. Accordingly, service of process should have been effected on or about November 16, 2002. At no time during the 120 days after the filing of her Original Complaint did Plaintiff have actual or constructive knowledge of a change of address for Defendant. Nor did Plaintiff have a reason to belief, know or should have known the Defendant had moved from the Progress Drive location at any time during the 120 days after filing of the Original Complaint. Moreover, Defendant fails to clarify for the Court when it moved from its Progress Drive location.

Unlike the plaintiff in <u>Momah v. Albert Einstein Med. Ctr.</u>,[1] Ms. Steele did not wait until the last minute to effectuate service. *See* 158 F.R.D. at 69. In contrast, in this case,

---

[1] 158 F.R.D. 66 (E,D.Pa. 1994).

EXHIBIT "A"

service of process was the responsibility of the U.S. Marshals service, as a matter of law. Ms. Steele provided the Marshals with the last known address that she had at the time the Original Complaint was filed.

On March 19, 2003, Plaintiff through the undersigned counsel filed an amended complaint (hereinafter "Amended Complaint). At that time, another summons and the Amended Complaint were forwarded to the U.S. Marshals Service for service of process. Once again, Plaintiff had no actual or constructive knowledge that HCI Direct moved from the Progress Drive location.[2]  On or about March 27, 2003 the undersigned counsel learned of the Declaration of William C. Beisswanger, former Executive Vice President and Chief Finance Officer for Defendant. In the declaration Beisswanger avers "HCI maintains offices as 3050 Tilman Drive, Bensalem, PA 19020." (Pl.'s Mem. Opp'n Ex. C.)  However, Beisswanger does not aver that the Tilman Drive address is Defendant's only place of business, or that the Progress Drive location is vacant. Plaintiff, through her undersigned counsel, first learned the Progress Drive location was vacant on or about April 29, 2003 upon receipt of the U.S. Marshals' unexecuted notice of service.

In an effort to avoid further delay, counsel for Plaintiff secured an Alias Summons directed to Jacqueline Z. Shulman, Esquire[3]  for service of the Amended Complaint on May 16,

---

[2] As noted in Pl.'s Resp. Opp'n Reply Brief, Plaintiff, by and through the undersigned counsel, called directory assistance to verify the Progress Drive address for service of the Amended Complaint.  Id. ¶¶3-5.

[3] As previously noted, Ms. Shulman is with the law firm of Obermayer Rebmann Maxwell & Hippel LLP. This law firm currently represents HCI in the instant matter and represented the Defendant in the federal

EXHIBIT "A"

2003.  Once again, the summons and Amended Complaint were forwarded to the U.S. Marshals for service of process.  Personal service was made on July 23, 2003, at which time counsel of record for Defendant has actual notice of the action.  Notably, counsel for Defendant fails to offer an explanation as to why it did not respond to service of process in the matter until August 19, 2003, when counsel of record in this matter contacted the undersigned counsel.

    Contrary to Defendant's assertions, at the time of filing of the Original Complaint, Plaintiff provided the U.S. Marshals Service with a "proper" address for Defendant HCI Direct. Plaintiff had actual and/or constructive knowledge of a change in address upon return of the unexecuted notice of service by the U.S. Marshals on or about April 29, 2003.  As an *in forma pauperis* plaintiff, Ms. Steele was justified in relying upon the U.S. Marshals Service to properly serve process of the Original Complaint.  Similar to the plaintiff in <u>Welch v. Folsom</u>[4], Ms. Steele was not at fault and should not be "penalized for failure of the Marshal's Service to properly effect service of process."  925 F.2d at 670.  This is particularly true when the Marshals' Service fails to properly notify the Court and Plaintiff of its efforts via filing an unexecuted waiver of service.

    Defendant is misguided in its averment that Plaintiff "cannot . . . blame the United States Marshal" for providing them with incorrect information.  (Def.'s Reply Mem. at 2.)  Plaintiff does not seek to "blame" anyone for incorrect information.  Ms. Steele seeks to establish that she did not have notice, actual or constructive; nor did she know, have reason to know, or

---

[4] 925 F.2d 666 (3d Cir. 1991).
a return to agency investigation.

EXHIBIT "A"

should have known the address was incorrect and service of process was not effected.[5]  Ms. Steele, as a *pro se in forma pauperis* plaintiff, justifiable relied on the U.S. Marshals Service's expertise in service of process to make certain that the matter was properly handled during the 120 days after filing the Original Complaint.  She was further justified since: (i) Plaintiff immediately returned paperwork to the U.S. Marshals Service, after receiving notice from them; and (ii) Plaintiff received no further notice from the U.S. Marshals Service or the Court that there was a problem with service during the 120 days after filing the Original Complaint.  (Pl.'s Mem. Opp'n at 8.)

      **B.**      **Plaintiff Has Shown Good Cause, Justifiable Reliance, Actual Notice or, in the Alternative, Excusable Neglect in Servicing Process in this Matter.**

Despite Defendant's attempts to mischaracterize facts and averments in this action, Plaintiff does not admit to failing to timely service process in this matter.  (Def.'s Reply Mem. at 1-2.)  Nor does Plaintiff admit that "she never filed any request with the Court for an enlargement of time to serve her complaint," id. at n.5, or any other assertions of Defendant makes.[6]

---

[5] Defendant repeatedly states that Plaintiff could have "found HCI Direct['s] address by using the phone book."  (Def.'s Reply Mem. at 2.)  Once again, Plaintiff had no knowledge or notice that the address she provided on June 28, 2002 was incorrect; nor did she have notice at any time until April 29, 2003 that the Progress Drive location was vacant.  As such, Plaintiff would have no reason to consult the phone book to verify the address of her former employer.

[6] Once again, Defendant has mischaracterized Plaintiff's assertions.  (*See* Def.'s Reply Mem. at n.2.)  With respect to use of directory assistance, Plaintiff had no way of knowing that one address was former and the other current.  The operator merely provides both as addresses for HCI Direct.  Furthermore, the Defendant fails to provide any expert opinion that the phone book is any more reliable than directory assistance in providing proper addresses.

EXHIBIT "A"

Defendant's use of prejudicial terms and misstatement of law and facts, to express its position in this matter does not, in and of itself, support a finding in its favor. It fails to show that Ms. Steele and counsel have not complied with legal standards in effectuating timely service of process in this matter.

III.   CONCLUSION

Based on the foregoing discussion, Plaintiff respectfully requests this Honorable Court DENY Defendant's Motion to Dismiss and direct Defendant to file an Answer to the Amended Complaint within twenty (20) days of its order.

    Respectfully submitted,

    /s/ Karin M. Gunter, Esq.
    KARIN M. GUNTER, ESQUIRE
    Attorney ID No. 79852
    7323 N. 21st Street
    Philadelphia, Pennsylvania 19138-2107
    (215) 548-9992
    Attorney for Plaintiff

Date:   October 10, 2003

EXHIBIT "A"