**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARTHA STEELE,** : | |
| **Plaintiff,** : | |
| : | |
| : | **Civil Action** |
| **v.** : | **No. 2002 C 4347** |
| : | |
| **HCI DIRECT,** : | |
| **Defendant.** : | |

**DEFENDANT HCI DIRECT INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR RECONSIDERATION**

Defendant, HCI Direct, Inc. ("Defendant" or "Company"), by and through its undersigned

counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby submits this Memorandum of

Law in Support of its Motion for Reconsideration of this Court's order denying its motion to

dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5).

On July 29, 2004, despite expressly finding that plaintiff's failure to timely serve Defendant

with her original complaint and her amended complaint was without good cause, the Court

entered a Memorandum and Order denying Defendant's motion to dismiss under Fed. R. Civ. P.

12(b)(5) because the Defendant failed to establish any prejudice from the extended delay in

service.

The Court must reconsider its order based on newly presented evidence that demonstrates

prejudice. Plaintiff's inexcusable delay in serving a complaint has hamstrung Defendant's

ability to refute plaintiff's allegations. During plaintiff's inexcusable delay, several key

witnesses identified by plaintiff have left Defendant's employ and have not responded to

Defendant's requests to provide information. One missing witness is a decision-maker to

555579

Defendant's decision to terminate Plaintiff.  Because Plaintiff's inexcusable delay prejudices

Defendant's ability to defend itself, the Court must dismiss the complaint.

### I.    FACTS AND PROCEDURAL HISTORY[1]

Plaintiff, Martha Steele ("Plaintiff") last worked for Defendant almost four (4) years ago

– on or about November 6, 2000.  Plaintiff filed her original complaint of employment

discrimination against Defendant on July 19, 2002, but unreasonably waited approximately 397

days – well over one (1) year – before serving the complaint (and a subsequently filed amended

complaint) on Defendant on August 20, 2003.

In September 2003, Defendant filed a motion to dismiss the complaint for Plaintiff's

failure to timely serve her complaint and amended complaint within 120 days of filing under

Fed. R. Civ. P. 4(m).  Defendant's motion remained pending for approximately ten (10) months

before the Court entered its order denying the motion to dismiss the complaint on July 29, 2004.

The Court declined to dismiss Plaintiff's pleadings because, although she did not have good

cause for her prolonged delay in serving her complaints, Defendant failed to establish prejudice

resulting from the delay.

However, newly presented evidence demonstrates that Plaintiff's inexcusable delay has

caused Defendant significant undue prejudice.  In her amended complaint[2], Plaintiff identified

several individuals as having specific knowledge of her alleged disability (depression), requests

for disability accommodation, and unequal pay.  Plaintiff specifically alleges that she told her

supervisor, Dave Weitner ("Weitner"), of her disability and that Defendant did not afford her

reasonable accommodation for her disability.  See Plaintiff's Amended Complaint, ¶¶17-18.  She

---

[1] Except where specifically noted otherwise, the facts and procedural history are those set forth in the Court's Memorandum and Order, entered July 29, 2004.  A true and correct copy of that Memorandum and Order is attached hereto as Exhibit "A."
[2] A true and correct copy of Plaintiff's amended complaint (without exhibits) is attached hereto as Exhibit "B."

also alleges that she informed Suzanne Roper ("Roper"), Vice President and Director of

Defendant's Art Services Department of familial tragedies that cause her to suffer extreme

emotional trauma.  See Plaintiff's Amended Complaint ¶¶20, 26 and 35.  However, both Weitner

and Roper have long since separated from the Company and have not responded to the

Company's requests for information concerning Plaintiff's allegations.  See McDermott's

Declaration[3] ¶¶5, 6 and 7.  In fact, Roper, who was an important decision-maker (having

approved the termination of plaintiff's employment), was terminated as part of a reduction in

force at the Company in August 2001.  See McDermott's Declaration ¶¶5 and 8.

In addition, in the Charge of Discrimination filed with the U.S. Equal Employment

Opportunity Commission, Plaintiff identified other key witnesses who also no longer work for

the Company and who have not responded to the Company's requests for information

concerning Plaintiff's allegations.  See McDermott's Declaration, Exhibit "A."  In the Charge of

Discrimination, Plaintiff alleged that Georg Purvis ("Purvis")(incorrectly spelled "George

Pervis"), then Art Director for Defendant, was aware of Plaintiff's workplace complaints of

hostile work environment and he stated that she would get fired if she pursued the matter.  See

McDermott's Declaration, Exhibit "A."  She also alleged that Bob Olson ("Olson") was a male

comparator with substantially similar job responsibilities who was paid more money and had

better benefits than Plaintiff.  See McDermott's Declaration, Exhibit "A."  Neither Purvis who

was laid off as part of the Company's reduction in force in August 2001) nor Olson, work for

Defendant any longer and neither has responded to Company requests that they provide

information concerning Plaintiff's allegations.

---

[3] The Declaration of Bernadette McDermott, Defendant's current Human Resources Director, is submitted herewith
in support of Defendant's Motion for Reconsideration..

## II.    LEGAL ARGUMENT

**Plaintiff's Complaint Should Be Dismissed Because Newly
Presented Evidence Demonstrates That Her Inexcusably Long
Delay In Serving the Complaint and Amended Complaint Has
Caused Defendant To Suffer Severe and Extreme Prejudice**

A federal district court has the inherent power to reconsider even interlocutory orders.

American Guarantee and Liability Ins. Co. v. Fojanini, 99 F.Supp.2d 558, (E.D.Pa. 2000)(*citing*

United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973)).  A party may move for reconsideration

based on any of three grounds: (1) an intervening change in the controlling law; (2) the

availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice. United States v. Watkins, 200 F.Supp.2d 489, 490-91 (E.D.Pa. 2002); Blue

Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F.Supp.2d 394 (E.D.Pa. 2002).

In this case, the Court must grant Defendant's motion for reconsideration of its order

entered on July 29, 2004 based on the availability of new evidence demonstrating that key

witnesses identified by Plaintiff are no longer employed by Defendant and are not otherwise

available or likely to testify voluntarily.

As the court is aware, the salient events occurred when plaintiff was employed by

Defendant in 1999 and 2000 -- about four (4) years ago.

In her declaration, Bernadette McDermott, Defendant's Director of Human Resources,

explains that at least four (4) key witnesses identified by Plaintiff have left Defendant's employ,

cannot be located, and even if they could be located, may not voluntarily testify.  One missing

witness allegedly witnessed or received information from Plaintiff regarding her alleged

disability and harassment.  Another was a decision-maker with respect to Plaintiff's termination.

Moreover, even if they were to testify, these and other witnesses' memories of events that

happened four (4) years ago have certainly dimmed.  Because Weitner, Roper, Purvis and Olson

are no longer employed by the Company (each having separated from the Company over the past four (4) years) and have not responded to the Company's requests that they provide information concerning Plaintiff's allegations of employment discrimination, the Company is severely prejudiced in its ability to defend this case.  See Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997) ("Delay may damage a defendant's ability to defend on the merits").

## II.    **CONCLUSION**

This Court must reconsider its order denying Defendant's motion to dismiss the complaint because Plaintiff had no good cause for her prolonged delay in serving her complaint and Defendant has suffered severe and extreme resultant prejudice as a result of that delay.

_____
Joseph J. Centeno
Jacob M. Sitman
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 665-3000

August 12, 2004

Attorneys for Defendant,
HCI Direct, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|                          |     |                        |
| ------------------------ | --- | ---------------------- |
| **MARTHA STEELE,**       | :   |                        |
| **Plaintiff,**           | :   |                        |
|                          | :   |                        |
|                          | :   | **Civil Action**       |
| **v.**                   | :   | **No. 2002 C 4347**    |
|                          | :   |                        |
| **HCI DIRECT,**          | :   |                        |
| **Defendant.**           | :   |                        |

---

**DEFENDANT, HCI DIRECT, INC.'S
<u>MOTION FOR RECONSIDERATION</u>**

Defendant, HCI Direct, Inc. ("Defendant"), respectfully moves this Court to reconsider its order entered on July 29, 2004, denying Defendant's Motion To Dismiss the Complaint under Fed. R. Civ. P. 12(b)(5) for plaintiff's failure to serve her complaint and amended complaint within 120 days of filing because newly presented evidence demonstrates that plaintiff's inexcusably long delay in service has caused Defendant severe and extreme prejudice. Specifically, the evidence demonstrates that key witnesses have left Defendant's employ, cannot be located, and even if they could be located, they might not voluntarily testify and their memories of events over four (4) years ago likely have dimmed.

555579

For these reasons and those set forth in the accompanying Memorandum of Law,

Defendant respectfully requests that the Court reconsider its Order denying Defendant's motion

to dismiss the Complaint.

Respectfully submitted,

_____

Joseph J. Centeno
Jacob M. Sitman
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
1617 John F. Kennedy Boulevard
One Penn Center, 19th Floor
Philadelphia, PA  19103-1895
(215) 665-3000

Dated:  August 12, 2004

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARTHA STEELE,** | : |
| **Plaintiff,** | : |
| | : |
| | : **Civil Action** |
| **v.** | : **No. 2002 C 4347** |
| | : |
| **HCI DIRECT,** | : |
| **Defendant.** | : |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of the Motion

of Defendant, HCI Direct, Inc. to reconsider this Court's Order denying Defendant's Motion to

Dismiss the Complaint, and in consideration of the Memoranda in support and in opposition, it is

hereby ORDERED that:

    1.      The Motion for reconsideration is GRANTED; and

    2.      Plaintiff's Complaint and Amended Complaint are DISMISSED with Prejudice.


        BY THE COURT:


        _____
        BRUCE KAUFFMAN, J.
        UNITED STATES DISTRICT COURT

555579

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of August, 2004, I caused the foregoing Motion of

Defendant, HCI Direct, Inc. for Reconsideration and supporting memorandum to be served via

First-Class mail, postage prepaid on the following:

Karin M. Gunter, Esquire
7323 North 21st Street
Philadelphia, PA  19138

_____
Joseph J. Centeno