Karin M. Gunter, Esquire
PA Id No. 79852
7323 N. 21st Street
Philadelphia, PA 19138-2107                    ATTORNEY FOR PLAINTIFF,
(215) 548-9992                                 MARTHA STEELE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTHA STEELE, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 02-cv-4347 |
| | : | |
| HCI DIRECT, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR
RECONSIDERATION**

I.      INTRODUCTION

Plaintiff, Martha Steele ("Steele"), by and through her undersigned counsel, Karin M.

Gunter, Esquire respectfully submits this Memorandum of Law in Support of her Reply in

Opposition to Defendant HCI Direct's ("HCI") Motion for Reconsideration filed pursuant to Local

Rule 7.1(g).

1

Defendant seeks this Honorable Court's reconsideration of its order entered on July 29, 2004 denying HCI's motion to dismiss Plaintiff's original and amended complaints for insufficiency of service of process pursuant to Fed. R. Civ. P. 4(m).  As noted by the Court, Defendant initially averred it was prejudiced by the "lapse of [  ] time . . . the case has become stale, with the erosion of witnesses' memories and potentially relevant evidence." (Def.'s Mem. Supp. Mot. Dismiss at 4-5.)  HCI currently avers that it has "newly presented evidence" showing it has suffered "severe and extreme" prejudice by Plaintiff's insufficiency of service.  (Def. Mem. Supp. Mot. Recons. at 4.)  However, the new evidence Defendant seeks to use to support its instant motion (termination from employment of witnesses) is merely a restatement of its original averment, that is, the erosion of potentially relevant evidence.  Furthermore, this evidence is not newly discovered since Defendant knew at the time it filed its Motion to Dismiss on September 9, 2003 that at least two, if not all, of the witnesses were no longer employed at HCI.

Finally, the grant of a motion for reconsideration is not the proper remedy for Defendant's averment that key witnesses are "not . . . likely to testify voluntarily."  (Def.'s Mem. Supp. Mot. Recons. at 4.)  The federal rules provide other vehicles that may properly remedy for lack of voluntary participation in the litigation process by non-party witnesses.

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff incorporates by reference the facts and procedural history as set forth in her

Memorandum of Law in Support of her Response in Opposition to Defendant's Motion to

Dismiss and in this Court's July 29, 2004 Order.[1]

III.    ARGUMENT

      **A.    Motion for Reconsideration Inappropriate Remedy in this Matter.**

          This Court found the grant of a motion for reconsideration is an extraordinary

relief that should be used "sparingly because of the interests in finality and conservation of

scarce judicial resources." United States v. Watkins, 200 F.Supp.2d 489, 490 (E.D.Pa.

2002)(citation omitted).  As such, the base for filing and granting a motion for reconsideration

are limited. Id. at 491.  One articulated basis recognized by the Court for granting

reconsideration of a prior order is "to present newly discovered evidence." Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  This is the ground upon which HCI, in the instant

matter, seeks reconsideration.

          The Third Circuit Court of Appeals found that "where evidence is not newly

discovered, a party may not submit that evidence in support of a motion for reconsideration." Id.

(citation omitted).  Defendant avers via a declaration by its Director of Human Resources,

Bernadette McDermott that "key" witnesses have left employment at HCI and either cannot be

located or, if located, may not voluntarily participate in the lawsuit.  (Def.'s Mem. Supp. Mot.

Recons. at 4.)  In support of its contention, Defendant states two of the key witnesses

---

[1]  A true and correct copy of Plaintiff's prior Memorandum is attached as Exhibits "A".  The Court's July 29, 2004 Order is attached as Exhibit "A" in Def.'s Mem. Supp. Mot. Recons.

terminated employment in August 2001[2] (McDermott Decl. ¶ 5), but fails to identify when the

other witnesses left employment at HCI.  Thus, Defendant knew on September 9, 2003, when it

filed the underlying motion to dismiss, that at least two witnesses were no longer in its employ,

but failed to raise the matter as prejudicial in its pleading.  Accordingly, this evidence is not

newly discovered as required by the court, but was in fact previously available to the Defendant.

   *See generally* <u>Smith v. City of Chester</u>, 155 F.R.D. 95, 96-97 (E.D.Pa. 1994)(citations omitted).

        Furthermore, Defendant fails to aver it took affirmative steps to secure the

witnesses for evidentiary purposes in this matter prior to August 5, 2004, one week before it

filed its instant motion for reconsideration, despite knowledge as early as February 21, 2003 of

Ms. Steele's instant action, nature of her claims and her intent of filing an amended complaint.[3]

Even when it took an affirmative step, Defendant merely sent letters to the witnesses' last

known address.[4]  HCI does not aver the letters were returned marked "addressee unknown" or

"undeliverable".  In fact, Defendant received confirmation that the letters were successfully

---

[2]  Defendant avers Suzanne Roper, HCI's former Vice President, and Georg Purvis, HCI's former Art Director, left employment as part of a reduction in force program at HCI.

[3]  On February 21, 2003, former HCI Executive Vice President and Chief Financial Officer, William C. Beisswanger executed a declaration objecting to various claims against HCI in its bankruptcy proceedings. Mr. Beisswanger made the above referenced acknowledgments relating to Plaintiff's federal district court lawsuit in his declaration.

[4]  Though not specifically stated, it is presumed Defendant sent these letters to the witnesses last known residential address.

delivered.  (McDermott Decl. ¶ 6.)    Thus, its own evidence does not support Defendant's

contention that the witnesses cannot be located, i.e., evidence is lost.

Plaintiff alleges the real underlying basis for Defendant's motion for

reconsideration is simply a restatement of the basis for filing its motion to dismiss; that being the

erosion of potentially relevant evidence.  Thus, reconsideration is inappropriate.  Without more,

Defendant fails to aver facts to support the witnesses' termination from employment is newly

discovered or not previously available evidence.  And without more, Defendant fails to aver

facts to support the contention that the witnesses cannot be located.  As noted by the Court, "a

motion for reconsideration is not properly grounded on a request that a court reconsider

repetitive arguments that have [been] fully examined by the court." Blue Mountain Mushroom

Co. v. Monterey Mushroom, Inc., 246 F.Supp.2d 394, 398 (E.D.Pa. 2002).

Additionally, Defendant's contention that the witnesses "are not otherwise

available or likely to testify voluntarily" is not a ground for reconsideration relief.  In fact, federal

rules provide other vehicles by which Defendant may compel non-party witnesses to participate

in litigation including, without limitation, Rule 45 subpoenas.

Finally, in the alternative, Plaintiff avers the third ground for a motion for

reconsideration actually operates in favor of denying Defendant's instant motion.  In particular,

the facts in this case support the need to prevent the manifest injustice that would result if

Defendant's motion for reconsideration is granted thereby granting its motion to dismiss.  *See*

*generally* <u>Jubilee v. Horn</u>, 959 F.Supp. 276, 278 (E.D.Pa. 1997).  As previously concluded by the Court *sub judice*, exercise of its discretionary authority to grant an extension of time pursuant to Fed. R. Civ. P. 4(m) is appropriate since, *inter alia*, the statute of limitation has run on all of Ms. Steele's claims.  (Mem. and Order at 4-5.)  Thus, granting reconsideration would serve to dismiss the entire action with prejudice leaving Plaintiff with no recourse for the alleged harm suffered while employed at Defendant HCI.

IV.    CONCLUSION

Based on the foregoing discussion, Plaintiff respectfully requests this Honorable Court DENY Defendant's Motion for Reconsideration and direct Defendant to file an Answer to the Amended Complaint within twenty (20) days of its order.

Respectfully submitted,

<u>/s/ Karin M. Gunter, Esq.</u>
KARIN M. GUNTER, ESQUIRE
Attorney ID No. 79852
7323 N. 21st Street
Philadelphia, Pennsylvania 19138-2107
(215) 548-9992
Attorney for Plaintiff

Date:    August 27, 2004