IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA STEELE,<br>                Plaintiff, | : <br> : <br> : |
| v. | :   Civil Action<br> :   No. 2002 C 4347 |
| HCI DIRECT,<br>                Defendant. | : <br> : <br> : |

**DEFENDANT, HCI DIRECT INC.'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR RECONSIDERATION**

Defendant, HCI Direct, Inc. ("HCI Direct"), by and through its undersigned counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby submits its Reply Memorandum of Law in Support of its Motion for Reconsideration.

This Court must dismiss the complaint under Fed. R. Civ. P. 12(b)(5) for plaintiff's failure to serve a timely complaint. Newly presented evidence demonstrates that HCI Direct suffers severe undue prejudice as a result of plaintiff's malfeasance.

Plaintiff's delay of almost four (4) years in bringing this lawsuit has prejudiced HCI Direct's ability to fairly defend itself. Time has been on plaintiff's side. Her unreasonable delay has led to the disappearance of three (3) witnesses, who even plaintiff recognizes as sufficiently critical to name in her complaint.

Plaintiff's frittering has placed HCI Direct in a precarious position. HCI Direct has been unable to secure the testimony of critical witnesses. HCI Direct does not know whether the witnesses can even be subpoenaed. HCI Direct does not know whether the witnesses will

561840

cooperate. HCI Direct does not know whether the witnesses, if found and able to be subpoenaed, will remember anything relevant. Where is the prejudice? It is everywhere.

This Court must dismiss the complaint.

I. **ARGUMENT**

Contrary to plaintiff's argument, HCI Direct has presented new evidence to establish prejudice—the disappearance of three (3) witnesses.[1] Reconsideration is not only appropriate, but necessary to avoid manifest injustice. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

Although HCI Direct was aware that several key witnesses to plaintiff's claims left the company at the time it filed its original Motion for Reconsideration, HCI Direct did not know until more recently – and the newly discovered evidence is – that key witnesses would effectively disappear.

Absent reconsideration, plaintiff benefits from her delay. Plaintiff's dilly-dally inaction has placed an extraordinary burden on the HCI Direct to respond to a complaint served almost a year after it was filed and about four (4) years after the allegedly discriminatory acts took place.

Moreover, the court's denial of HCI Direct's Motion to Dismiss leaves HCI Direct with little recourse in the future if, during the course of discovery witnesses are not located or they testify that they have no memory of events crucial to disposition of plaintiff's discrimination claims. Plaintiff's delay puts the risk of her delay, such as unsecured witness, on HCI Direct, and not on Plaintiff where it belongs. This is prejudice.

Accordingly, the court should grant HCI Direct's motion to dismiss. In the alternative, the court should deny HCI Direct's motion to dismiss without prejudice to HCI Direct's ability

---

[1] Since HCI Direct filed its Motion for Reconsideration, Suzanne Roper has responded to Defendant's letter to her regarding this lawsuit.

561840                                    2

to re-file at a later date, if and when the prejudice resulting from plaintiff's late service of process is reflected by witness testimony or the absence thereof.

## II.  CONCLUSION

This Court must reconsider its order denying HCI Direct's motion to dismiss the complaint because new evidence establishes that HCI Direct suffers prejudice as a result of that delay.

                                                                            _____
                                                           Joseph J. Centeno
                                                           Jacob M. Sitman
                                                           Obermayer Rebmann Maxwell & Hippel LLP
                                                           One Penn Center, 19th Floor
                                                           1617 John F. Kennedy Boulevard
                                                           Philadelphia, PA 19103
                                                           (215) 665-3000

September 13, 2004

                                                           Attorneys for Defendant,
                                                           HCI Direct, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2004, I caused the foregoing Reply Memorandum of Law in Support of HCI Direct, HCI Direct, Inc.'s Motion for Reconsideration to be served via First-Class mail, postage prepaid on the following:

                Karin M. Gunter, Esquire
                7323 North 21st Street
                Philadelphia, PA 19138

                _____
                Joseph J. Centeno