Karin M. Gunter, Esquire
PA Id No. 79852
7323 N. 21st Street
Philadelphia, PA 19138-2107                    ATTORNEY FOR PLAINTIFF,
(215) 548-9992                                 MARTHA STEELE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA STEELE, | : |
|     Plaintiff | : |
| | : |
| v. | : |
| | :   Civil Action No. 02-cv-4347 |
| | : |
| HCI DIRECT, | : |
|     Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S REPLY
(MOTION FOR RECONSIDERATION)**

I.     INTRODUCTION

Plaintiff, Martha Steele ("Steele"), by and through her undersigned counsel, Karin M. Gunter, Esquire respectfully submits this Memorandum of Law in Support of her Response to Defendant HCI Direct's ("HCI") Reply (Motion for Reconsideration).

Defendant seeks this Honorable Court's reconsideration of its order entered on July 29, 2004 denying HCI's motion to dismiss Plaintiff's original and amended complaints for insufficiency of service of process pursuant to Fed. R. Civ. P. 4(m).  Once again, HCI simply restates its previous arguments sprinkled with colorful terms that mischaracterize the facts and circumstances in this case.  Furthermore, HCI argues hypothetical positions that cannot, at this point, be substantiated in support of its motion.

II.   ARGUMENT

Defendant argues now that its "new evidence" establishing prejudice is the "disappearance of three (3) witnesses." (Def.'s Reply Supp. Mot. Recons. at 2.)  Previously, HCI stated that "at least four (4) key witnesses . . . cannot be located." (Def.'s Mem. Supp. Mot. Recons. at 4.)  Subsequently, one lost witness has indeed responded to Defendant's communications.[1]  Plaintiff avers that HCI filed its motion *sub judice* in bad faith seeking to frustrate Ms. Steele's attempts to go forward with her claims against it.

HCI states little to no legal precedent to support its position, a position that is largely hypothetical in nature.  For instance, "HCI Direct has been unable to secure the testimony of critical witnesses," because such witnesses have disappeared. (Def.'s Reply Supp. Mot.

---

[1] Suzanne Roper, HCI's former Vice President, who was terminated in August 2001 has responded.

2

Recons. at 1.)  Defendant does not substantiate what "disappeared" means.  Nor does HCI state how it knows the witnesses have "disappeared."

Additionally, HCI maintains it "does not know whether the witnesses can even be subpoenaed."  Once again, the Defendant seeks to present a hypothetical argument to circumstances that are not real in fact.  Witness cooperation and failed memories are always a problem in litigation necessitating corroboration with other evidence.  With nearly 300 documents produced in the administrative agency investigation, witnesses' recollections may easily be refreshed with the use of such potentially admissible evidence.

Once again, Plaintiff avers HCI is simply frustrating Ms. Steele's efforts, restating previously arguments and misusing "scarce judicial resources."  <u>United States v. Watkins</u>, 200 F.Supp.2d 489, 490 (E.D.Pa. 2002)(citation omitted).  Thus, reconsideration is an inappropriate remedy in this matter.

Finally, as previously stated, in the alternative, Plaintiff avers the third ground for a motion for reconsideration actually operates in favor of denying Defendant's instant motion.  In particular, the facts in this case support the need to prevent the manifest injustice that would result if Defendant's motion for reconsideration is granted thereby granting its motion to dismiss.  *See generally* <u>Jubilee v. Horn</u>, 959 F.Supp. 276, 278 (E.D.Pa. 1997).  As previously concluded

by the Court *sub judice*, exercise of its discretionary authority to grant an extension of time pursuant to Fed. R. Civ. P. 4(m) is appropriate since, *inter alia*, the statute of limitation has run on all of Ms. Steele's claims.  (Mem. and Order at 4-5.)  Thus, granting reconsideration would serve to dismiss the entire action with prejudice leaving Plaintiff with no recourse for the alleged harm suffered while employed at Defendant HCI.

III.    CONCLUSION

Based on the foregoing discussion, Plaintiff respectfully requests this Honorable Court DENY Defendant's Motion for Reconsideration and direct Defendant to file an Answer to the Amended Complaint within twenty (20) days of its order.

Respectfully submitted,

/s/ Karin M. Gunter, Esq.
KARIN M. GUNTER, ESQUIRE
Attorney ID No. 79852
7323 N. 21st Street
Philadelphia, Pennsylvania 19138-2107
(215) 548-9992
Attorney for Plaintiff

Date:   September 15, 2004

**CERTIFICATION OF SERVICE**

I do hereby certify that service of a true and correct copy of the within Memorandum of Law in Support of Plaintiff's Response in Opposition to Defendant's Reply (Motion for Reconsideration) was made on the 15th day of September 2004 to the below named counsel for Defendant via first class U.S. mail, postage pre-paid:

> Joseph J. Centeno, Esquire
> Obermayer Rebmann Maxwell & Hippell LLP
> 1617 John F. Kennedy Boulevard
> One Penn Center, 19th Floor
> Philadelphia, Pennsylvania 19103-1895

/s/ Karin M. Gunter, Esq.
KARIN M. GUNTER, ESQUIRE

Date: September 15, 2004

5