## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                          :

**MARTHA STEELE,**                  :
           **Plaintiff,**    :
                          :
                          :    **Civil Action**
      **v.**                     :    **No. 2002 C 4347**
                          :

**HCI DIRECT,**                   :
             **Defendant.**   :
_____:

## ANSWER TO AMENDED COMPLAINT

1.     Defendant denies the averments set forth in paragraph 1 of the complaint because they are conclusions of law.  To the extent that any averment is not a conclusion of law, it is denied.

2.     Defendant denies the averments set forth in paragraph 2 of the complaint because they are conclusions of law.  To the extent that any averment is not a conclusion of law, it is denied.

3.     Defendant is without sufficient knowledge to admit or deny the averments set forth in paragraph 3 of the complaint and therefore they are denied.

4.     Admitted in part, denied in part.  Defendant admits only that HCI has Operations in Canada and the UK, and a business presence in France and Germany.  All other averments are denied.

5.     Defendant is without sufficient knowledge to admit or deny the averments set forth in paragraph 5 of the complaint and therefore they are denied.

6.     Admitted.

7.     Admitted.

554373

8.    Defendant is without sufficient knowledge to admit or deny the averments set forth in paragraph 8 of the complaint and therefore they are denied.

9.    Admitted.

10.    Defendant denies the averments set forth in paragraph 10 of the complaint because they are conclusions of law.  To the extent that any averment is not a conclusion of law, it is denied.

11.    Admitted.

12.    Admitted.

13.    Defendant is without sufficient knowledge to admit or deny the averments set forth in paragraph 13 of the complaint and therefore they are denied.

14.    Defendant is without sufficient knowledge to admit or deny the averments set forth in paragraph 14 of the complaint and therefore they are denied.

15.    Defendant is without sufficient knowledge to admit or deny the averments set forth in paragraph 15 of the complaint and therefore they are denied.

16.    Admitted.

17.    Defendant is without sufficient knowledge to admit or deny the averments set forth in paragraph 17 of the complaint and therefore they are denied.

18.    Denied.

19.    Admitted.

20.    Admitted.

21.    Admitted in part, denied in part.  Defendant admits only that defendant's Marketing Services Department consisted of three groups:  Production, Creative Services and Print Buying.  All other averments are denied.

554373

22.    Admitted in part, denied in part.  Defendant admits only that plaintiff was a member of the Copy group under the Creative Services Department that reported to Ms. Roper.  All other averments are denied.

23.    Denied.

24.    Denied.

25.    Defendant is without sufficient knowledge to admit or deny the averments set forth in paragraph 25 of the complaint and therefore they are denied.

26.    Admitted in part, denied in part.  Defendant admits only that plaintiff claimed that her sister was ill.  All other averments are denied.

27.    Admitted in part, denied in part.  Defendant admits only that Ms. Durst was advised of plaintiff's sister's brain surgery.  All other averments are denied.

28.    Admitted.

29.    Defendant incorporates by reference its answers to all paragraphs, *supra*.

30.    Defendant denies the averments set forth in paragraph 30 of the complaint because they are conclusions of law.  To the extent that any averment is not a conclusion of law, it is denied.

31.    Defendant denies the averments set forth in paragraph 31 of the complaint because they are conclusions of law.  To the extent that any averment is not a conclusion of law, it is denied.

32.    Defendant is without sufficient knowledge to admit or deny the averments set forth in paragraph 32 of the complaint and therefore they are denied.

554373

33.     Defendant denies the averments set forth in paragraph 33 of the complaint because they are conclusions of law.  To the extent that any averment is not a conclusion of law, it is denied.

34.     Denied.

35.     Defendant is without sufficient knowledge to admit or deny the averments set forth in paragraph 35 of the complaint and therefore they are denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Defendant incorporates by reference its answers to all paragraphs, *supra*.

40.     Admitted.

41.     Denied.

42.     Defendant incorporates by reference its answers to all paragraphs, *supra*.

43.     Admitted.

44.     Defendant denies the averments set forth in paragraph 44 of the complaint because they are conclusions of law.  To the extent that any averment is not a conclusion of law, it is denied.

45.     Admitted.

46.     Admitted in part, denied in part.  Defendant admits only that plaintiff contributed to a front-end control package that resulted in a 30% increase in customer response.  All other averments are denied.

47.     Denied.

48.     Defendant incorporates by reference its answers to all paragraphs, *supra*.

4

49.    Admitted in part, denied in part.  Defendant admits only that it hired Bob Olsen as an independent contractor.  All other averments are denied.

50.    Admitted in part, denied in part.  Defendant admits only that Mr. Olson had 20+ years copywriting experience and taught copywriting at the college level.  All other averments are denied.

51.    Denied.

52.    Denied.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff has failed to mitigate her damages.

### Second Defense

Plaintiff has failed to state a claim for which relief can be granted.

### Third Defense

Plaintiff is estopped from pursuing and recovering on some or all of her claims.

### Fourth Defense

Defendant always acted in good faith toward plaintiff.

### Fifth Defense

Defendant's adverse employment actions, if any, toward plaintiff were made for nondiscriminatory legitimate business reasons.

### Sixth Defense

Plaintiff failed to exhaust her administrative remedies.

554373

### Seventh Defense

Plaintiff is barred from recovering punitive damages because defendant employed good-faith anti-discrimination policies and procedures.

### Eighth Defense

Plaintiff failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission for some or all of her claims.

### Ninth Defense

Plaintiff's recoverable compensatory and punitive damages, if any, are capped under 42 U.S.C. §1981a(a).

554373

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because defendant exercised reasonable care and policies to prevent and correct any unlawful discrimination and plaintiff unreasonably failed to take advantage of preventative or corrective policies and opportunities.

Wherefore, defendant demands judgment, attorney's fees and all other relief that this honorable court deems equitable and proper.

_____
Joseph J. Centeno
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 JFK Boulevard
Philadelphia, PA  19103-1895
(215)665-3107

7

554373

## <u>CERTIFICATE OF SERVICE</u>

I, JOSEPH J. CENTENO, hereby certify that on this _____th day of December,

2004, I caused the foregoing Answer to Amended Complaint to be served via first-class

mail on the following:


Karin M. Gunter, Esquire
7323 North 21st Street
Philadelphia, PA  19138


_____
JOSEPH J. CENTENO


Dated: December _____, 2004

554373